Ovalle v Church St. Constr. Corp. (2025 NY Slip Op 05576)

Ovalle v Church St. Constr. Corp.

2025 NY Slip Op 05576

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 30590/19|Appeal No. 4896|Case No. 2024-05202|

[*1]Ricardo Ovalle, Plaintiff-Respondent,
v
Church Street Construction Corp., et al., Defendants-Appellants.

Morrison & Tenenbaum, PLLC, New York (Joshua S. Androphy of counsel), for appellants.
Law Office of Delmas A. Costin, Jr., Bronx (Delmas A. Costin, Jr. of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered July 16, 2024, which, to the extent appealed from, denied defendants' motion for summary judgment dismissing plaintiff's second cause of action for arrest record discrimination under New York City Human Rights Law (Administrative Code of City of NY § 8-107[11]), third cause of action for failure to pay overtime in violation of article 19 of the Labor Law, and fourth cause of action for failure to supply notice of pay rate and wage statements in violation of Labor Law § 195, unanimously affirmed, without costs.
Supreme Court properly denied defendants' motion for summary judgment dismissing the arrest record discrimination claim because "there exist triable issues of fact that discrimination was one of the motivating factors" for defendants' termination of plaintiff (Williams v New York City Hous. Auth., 61 AD3d 62, 78 n 27 [1st Dept 2009], lv denied 13 NY3d 702 [2009]; see also Bennett v Health Mgt. Sys., Inc., 92 AD3d 29, 40 [1st Dept 2011], lv denied 18 NY3d 811 [2012]). Defendants' termination letter extensively discussed plaintiff's arrest, devoting one of the two main paragraphs to the topic. The termination letter also noted that plaintiff was a threat to defendants' tenants and their guests. Although the letter proffered other reasons for plaintiff's termination, under a "mixed motive" analysis plaintiff need not prove that these other reasons were in fact false or irrelevant (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 127 [1st Dept 2012]). Plaintiff need only raise an issue as to whether defendants were "motivated at least in part by . . . discrimination" (id.), which plaintiff has done.
Nor did defendants establish their entitlement to summary dismissal of plaintiff's claim for failure to pay overtime. The timesheet and payroll records defendants presented were "inadequate" because many of the timesheets were illegible, and the hours claimed by plaintiff did not match the payments recorded in the earnings records (see Kuebel v Black & Decker Inc., 643 F3d 352, 362 [2d Cir 2011]). Accordingly, plaintiff needed only to "present sufficient evidence to show the amount and extent of the uncompensated work as a matter of just and reasonable inference," which he did "through estimates based on his own recollection" of regularly working on weekends and going to a store before and after his regular work hours to pick up supplies for the construction jobs he oversaw as a foreman (id. [internal quotation marks and brackets omitted]).
Furthermore, defendants did not establish their entitlement to dismissal of plaintiff's wage notice and statement claim because there was no evidence in the record that plaintiff received a wage notice (see Labor Law § 195[1]). The wage statements offered by defendants were incomplete because they only covered the period through February 2018, but plaintiff was employed by defendants until January 2019 (see id. at § 195[3]). Additionally, because defendants did not show that they made "complete and timely payments of all wages due," they cannot avail themselves of the affirmative defense against wage notice and statement claims in Labor Law § 198(1-b)(i) and (1-d)(i). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025